UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYUDMILA SYROCHKINA,<br><br>                    Plaintiff,<br><br>          v.<br><br>NYU LANGONE HEALTH, DR. KOLBES,<br>COMPLIANCE ACOSTA, JACOBI<br>HOSPITAL, RN OFOMA, PA MAKINA,<br>NYPD 50TH PRECINCT, OFFICER<br>SHARHAN, NEW YORK STATE HOMES<br>& COMMUNITY RENEWAL, HRC<br>PETER STECKER, HRC JESSICA<br>MORAN, DAVID TENNENBAUM,<br><br>                    Defendants. | 26-CV-558 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

On January 21, 2026, Plaintiff Lyudmila Syrochkina filed a Complaint against NYU Langone Health, among other Defendants, Dkt. No. 1, along with motions seeking preliminary injunctive relief, accommodations for her disability, and appointment of pro bono counsel. Dkt. Nos. 4, 6, 7. For the reasons that follow, each motion is denied.

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her claims or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff has failed to show that she would be irreparably harmed in the absence of an injunction. *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 149 (2d Cir. 1999). To the extent Plaintiff seeks injunctive relief to prevent eviction, she has not alleged that there is a Housing Court proceeding pending against her, which courts have held is required to obtain injunctive relief. *See Allen v. N.Y.C. Hous. Auth.*, 2010 WL 1644956, at *4 (S.D.N.Y. Apr. 20, 2010). Indeed, in her papers, she acknowledges that "[t]here is no active eviction case in Housing Court." Dkt. No. 9 at 20. Moreover, to the extent she seeks relief to prevent hospitalization, Plaintiff "has not shown that [s]he is realistically [] threatened with being committed to a psychiatric center." *Miller v. Carpinello*, 2007 WL 4207282, at *2 (S.D.N.Y. Nov. 20, 2007); *see also* Dkt. No. 9 at 14 ("Based on the available information, she does not present current risk factors warranting involuntary psychiatric treatment."). Accordingly, Plaintiff's application for preliminary injunctive relief is denied without prejudice.

Additionally, Plaintiff filed a motion seeking disability accommodations including: (1) accepting all filings via email or hand delivery; (2) conducting all proceedings via written submission; and (3) appointing a facilitator for required court appearances. Dkt. No. 6. Plaintiff is advised to that she may make a request for accommodations by emailing: Accommodation@nysd.uscourts.gov.

Finally, Plaintiff filed a motion seeking appointment of pro bono counsel. Dkt. No. 7. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.

1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

If Plaintiff seeks further legal assistance, the City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached. The CBJC is a private organization that it not part of the Court, and the CBJC's SDNY Federal *Pro Se* Legal Assistance Project cannot accept filings on behalf of the Court.

The Clerk of Court is hereby respectfully directed to terminate the motions pending at Dkt. Nos. 4, 6, and 7.

SO ORDERED.

Dated:　February 2, 2026
　　　　New York, New York

_____
Ronnie Abrams
United States District Judge

3

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

**Reviewing drafted pleadings** and correspondence with the Court