UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LYUDMILA SYROCHKINA,                                 :

                                                      :        ORDER
                            Plaintiff,

                                                      :        26 Civ. 558 (RA) (GWG)
        -v.-
                                                      :

NYU LANGONE HEALTH et al.
                                                      :

                            Defendants.               :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

        This Order addresses plaintiff's letter dated February 2, 2026 (Docket # 14), plaintiff's undated letter filed February 3, 2026 (Docket # 15), and plaintiff's undated motion for "preservation and limited production" filed February 5, 2026 (Docket # 17).

        Docket # 14

        Plaintiff requests "a brief extension of time to file [her] Proof of Service."  Docket # 14. The Court is unsure whether plaintiff seeks additional time to serve her complaint or her motion for a temporary restraining order ("TRO").  In either event, this request is denied as moot.

        Under Federal Rule of Civil Procedure 4(m), plaintiff has 90 days from the date she filed her complaint to serve it on defendants.  See Fed. R. Civ. P. 4(m).  Plaintiff filed her complaint on January 21, 2026.  Therefore, she has until April 21, 2026 to serve it on defendants. Consequently, any request for an extension of time to serve her complaint is premature.

        Meanwhile, Judge Abrams has denied plaintiff's motion for a TRO.  See Order, dated February 2, 2026 (Docket # 13).  Accordingly, plaintiff need not serve her motion for a TRO.

        Docket # 15

        Plaintiff asks the Court to strike her "original exhibit package" and substitute "eleven (11) supplemental exhibits as the sole and primary exhibit record for [her] pending TRO/Motion and Civil Rights Complaint."  Docket # 15.  To the extent that plaintiff seeks to supplement her motion for a TRO, the request is denied as moot because her motion for a TRO has already been denied.

        To the extent plaintiff seeks to file an amended complaint that contains new or additional exhibits, she is entitled to file an amended complaint "as a matter of course" — that is, without the permission of the Court — as long as she does so earlier than 21 days after service of the

original complaint.  See Fed. R. Civ. P. 15(a)(1).  If plaintiff files an amended complaint and has already served only the original complaint, she will have to re-serve the amended complaint by the means permitted under Federal Rule of Civil Procedure 4.  If plaintiff files an amended complaint but has not already served the original complaint, she need not serve the original complaint; instead, she need only serve the amended complaint.

In deciding whether the file an amended complaint, plaintiff may wish to consider that if she files an amended complaint now "as a matter of course," she will not be entitled to do so again, because Federal Rule of Civil Procedure 15(a)(1) provides that party may file an amended complaint "as a matter of course" only "once."  Fed. R. Civ. P. 15(a)(1).  Any further request for leave to amend may be granted only with the Court's permission.

Docket # 17

Plaintiff requests an order that would require defendants NYU Langone Health and NYC Health + Hospitals "to preserve and produce limited electronic audit metadata relating exclusively to Plaintiff's medical records."  Docket # 17 at 1.  This request is denied.

On the issue of production, a party may not seek discovery (including production of documents or electronic data) until the plan required under Federal Rule of Civil Procedure 26(f)(3) has been discussed by all parties (following defendants' response to the complaint) and then submitted to the Court.  See Fed. R. Civ. P. 26(d)(1).  While a court has the power to order earlier discovery, the Court sees no basis for doing so here, where defendants have not yet even filed a response to the complaint, and there is no showing of necessity for immediate production.

On the issue of preservation, the Court does not have a role at this stage of the case with respect to preservation of evidence.  The Court notes that case law provides that where a party "has notice that . . . evidence is relevant to litigation or when a party should have known that . . . evidence may be relevant to future litigation," that party is under an obligation to preserve that evidence.  Fujitsu Ltd. v. Fed. Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001) (citation omitted).  Plaintiff is free to inform defendants of their obligation to preserve evidence.

The Clerk of Court is directed to terminate the motions at Docket ## 14, 15, and 17.

SO ORDERED

Dated: February 10, 2026
      New York, New York


_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2