UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LYUDMILA SYROCHKINA,                                :

                                                   :      ORDER

                         Plaintiff,
                                                   :      26 Civ. 558 (RA) (GWG)
        -v.-
                                                   :

NYU LANGONE HEALTH et al.
                                                   :

                         Defendants.               :
----------------------------------------------------------------X
**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

        The Order addresses a number of letters filed by plaintiff that include requests for various forms of relief.  See Docket ## 57, 58, 60, 61, 62, 64.  We also address a request from NYU Langone Health to seal.  See Docket # 67.

        Relief from defendants other than the "NYU defendants"

        To the extent plaintiff seeks relief from defendants who have yet to respond to her amended complaint, see Docket # 57 at 4; Docket # 58 at 6; Docket # 60 at 5, the Court will not act on her requests until these defendants have been served and have had an opportunity to answer her amended complaint.  "[A] preliminary injunction would be inappropriate at this time where the Court lacks the benefit of any arguments, affidavits, appearance, or evidence from the Defendants to be enjoined."  Aziz v. Butt, 2025 WL 2243632, at *2 (S.D.N.Y. Aug. 6, 2025).  At this point, only the NYU defendants have responded to plaintiff's letters.  See Docket ## 65, 68.  To the extent plaintiff seeks relief against the remaining defendants (as expressed in Docket ## 57, 58, and 60), these defendants should respond to plaintiff's letters within 14 days of the expiration of their time to answer the amended complaint or the filing of their response to the amended complaint, whichever is sooner.  If plaintiff wishes to supplement her request as to these defendants in the future, she should not file any further letters until the time for defendants to answer the amended complaint has expired.  At that time, plaintiff may file a single supplementary letter as to any defendant against whom preliminary relief is sought.

        Relief from the NYU defendants

        Plaintiff's latest-filed letters, see Docket ## 61, 62, and 64, make several requests for preliminary relief as to defendant NYU Langone Health, which has been served, see Docket # 36, and which opposes plaintiff's requests, see Docket ## 65, 68.

        Plaintiff asks for "an immediate STAY of any and all state-court eviction and APS-initiated Article 81 proceedings," Docket # 61 at 2, as well as a preliminary injunction "barring

the use" of allegedly "inauthentic NYU Langone EMR [electronic medical records] as evidence of incapacity," id. at 3. These requests, however, do not seek to have NYU Language Health undertake any acts or be enjoined from any acts. Instead, they address the conduct of other defendants or non-parties. To the extent plaintiff seeks relief from other defendants, her requests will be addressed as set forth above.

Plaintiff also asks the Court to "[c]ompel" NYU Langone Health "to produce the audit-log/metadata" related to her EMR. Id. at 3; Docket # 64 at 1. We construe this as a request for discovery under Rules 26 and 33 of the Federal Rules of Civil Procedure. As we already explained in our Order of February 10, 2026, "a party may not seek discovery . . . until the plan required under Federal Rule of Civil Procedure 26(f)(3) has been discussed by all parties (following defendants' response to the complaint) and then submitted to the Court." Docket # 20 at 2 (citing Fed. R. Civ. P. 26(d)(1)).

Plaintiff also asks the Court to "[o]rder the immediate restoration of [her] HIPAA Statement of Disagreement" to her EMR. Docket # 61 at 3. This request requires no action on the Court's part because NYU Langone Health acknowledges that the Statement of Disagreement is part of her medical record. See Docket # 65 at 3.

Plaintiff further seeks the preservation of her medical record. See Docket # 62 at 2; Docket # 64 at 1. As we already explained in our Order of February 10, 2026, "the Court does not have a role at this stage of the case with respect to preservation of evidence." Docket # 20 at 2. NYU Langone Health is under an obligation to preserve plaintiff's medical record, see id., and indeed asserts that it is "already preserving" her medical record pursuant to this obligation, Docket # 65 at 1.

Request to file a second amended complaint

Plaintiff's letters ask the Court to take "notice" of various developments. See, e.g., Docket # 57 at 3. To the extent plaintiff seeks to further amend her complaint to make new allegations against defendants, the proper mechanism for making such new allegations is to file a motion to amend the complaint (or to file a supplemental pleading), as plaintiff seems to recognize. See, e.g., Docket # 58 at 5.

Plaintiff has already amended her complaint as a matter of course under Fed. R. Civ. P. 15(a)(1). See Docket # 22. As we explained in or Order of February 10, 2026, a plaintiff "may file an amended complaint 'as a matter of course' only 'once.'" Docket # 20 at 2 (citing Fed. R. Civ. P. 15(a)(1)). "Any further request for leave to amend may be granted only with the Court's permission." Id. If plaintiff seeks to add allegations in this matter, she may file a motion to amend the complaint (or to file a supplemental pleading), but she shall not do so until the time for all defendants to respond to the amended complaint has expired or until all defendants have responded to the amended complaint, whichever comes first. The Court notes that any motion to amend the complaint or file a supplemental pleading must include a copy of the proposed amended complaint or pleading as required by Local Civil Rule 15(a)(1).

2

NYU defendants' motion to seal

In opposing plaintiff's requests, NYU Langone Health filed portions of plaintiff's medical records under temporary seal.  See Docket # 68.  NYU Langone Health has filed a motion to maintain the sealing of these medical records.  See Docket # 67.  Plaintiff apparently opposes the motion.  See Docket # 67-1.  "Although this case is unusual because Plaintiff[] [is] not resisting disclosure," the motion is granted in light of "Plaintiff['s] privacy interests and Defendant['s] legal obligations under HIPAA."  Valentini v. Grp. Health Inc., 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020).  This Order will not prevent plaintiff in the future from filing her own medical records publicly if she chooses to do so.

SO ORDERED

Dated: April 1, 2026
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

3