UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LYUDMILA SYROCHKINA, :

Plaintiff, : ORDER

-v.- : 26 Civ. 558 (RA) (GWG)

NYU LANGONE HEALTH et al. :

Defendants. :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

This Order addresses plaintiff's letters at Docket ## 133, 135, 136 and 140. We have also considered the response of defendant New York City Health and Hospitals Corporation (Jacobi Hospital) at Docket # 139.

Docket # 133

Plaintiff requests alternative service on defendant David Tennenbaum (as previously requested in her application of July 6, 2026 at Docket # 128) because the U.S. Marshals Service has been unable to locate him at the address provided and the superintendent at that address indicated that Tennenbaum does not "work or occupy any space in that building." Docket # 133 at 2. Plaintiff does not propose another manner of effectuating serviced on Tennenbaum, however, that would actually allow the summons and complaint to reach him, and the Court is aware of none. If plaintiff has information as to another address that constitutes Tennenbaum's "actual place of business," N.Y. C.P.L.R. § 308(2), and provides a sworn statement from her or anyone else with personal knowledge of this fact, plaintiff has leave to request service of Tennenbaum at such new address.

Docket # 135

Plaintiff seeks a "60-day medical stay," leave to file a third amended complaint, and a "status update regarding service." Docket # 135 at 1.

As to the "medical stay," the letter plaintiff attaches from Dr. Jeffrey Berger, see Docket # 135 at 3, does not justify a stay of any case-related activities that are expected to occur in the near future. The Court is aware of plaintiff's position regarding in-person appearances. When her physical presence is requested or required by the Court or an adverse party, plaintiff may make an appropriate application explaining why her appearance should not be required.

As to the request to file a Third Amended Complaint, any such request must be made by means of a letter or motion that attaches a copy of the proposed Third Amended Complaint. Any such letter or motion shall be filed by August 27, 2026.

Finally, it appears that any issues relating to service have been settled for the time being as explained above as well as in a memorandum endorsement issued on August 4, 2026, after Docket # 135 was filed. See Docket # 142.

Docket # 136

Plaintiff asks for various forms of relief based on her disability.

As to her request regarding a future "Rule 50-h hearing," the Court has no jurisdiction over such a hearing, as it is held pursuant to New York law and not as part of the proceedings in this case.

As to her requests relating to communications in this case, the Court does not believe that the letter from Dr. John G. Wilson justifies the sweeping relief she seeks. Nonetheless, for the time being the attorneys for defendants are directed to communicate with plaintiff by email and to accept communications from her in that format. Should this prove a hardship to any of the defendants, they have leave to make an appropriate application.

Finally, plaintiff should certainly comply with demands by attorneys not to communicate with parties whom they represent, whether by email or any other means.

Docket # 140

Plaintiff's requests at Docket # 140 have been mooted by the Court's Order of July 23, 2026 (Docket # 138).

Conclusion

Plaintiff's applications at Docket # 133, 135, 136 and 140 are resolved as stated herein.

SO ORDERED

Dated: August 13, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge