August 28 2026 16:00

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

LYUDMILA SYROCHKINA,

Plaintiff, Pro Se,

v. 26 Civ. 558 (RA) (GWG)

NYU LANGONE HEALTH et al.,

Defendants.

**SUPPLEMENT TO PLAINTIFF'S PENDING LETTER MOTION FOR LEAVE TO FILE**

**PROPOSED THIRD AMENDED COMPLAINT — CLARIFICATION OF REQUESTED DECLARATORY AND PROSPECTIVE INJUNCTIVE RELIEF**

Dear Judge Abrams and Judge Gorenstein:

Plaintiff respectfully submits this short supplement to Plaintiff's pending Letter Motion for Leave to File Proposed Third Amended Complaint. This supplement does not replace the proposed pleading, does not seek to file a new amended complaint, and does not seek to file a live Third Amended Complaint without leave. It is submitted only to clarify the specific declaratory and prospective injunctive relief requested.

Plaintiff submits this clarification in light of the continuing and ongoing nature of the challenged record conduct, particularly as to Defendant NYU Langone Health and Defendant Jacobi Medical Center. This litigation began only after months of unsuccessful HIPAA-based efforts to

obtain the true EMR through metadata, audit logs, amendment history, and related record-history materials. During litigation, Plaintiff has received new and differing versions of her NYU Langone electronic medical records without requesting those successive versions. Plaintiff alleges that the records have continued to change during litigation in ways similar to the shifting Jacobi record patterns already described in the pleadings.

Plaintiff specifically alleges that NYU Langone records contain false or disputed entries including, among other things, APS referral coding dated January 21, 2025 that Plaintiff alleges never occurred, and a supposed Gabrielle Nash APS assessment that Plaintiff alleges never occurred. Plaintiff further alleges that these disputed entries are capable of ongoing and future use and misuse, including use in connection with false vulnerability, dangerousness, dependency, or adult-protective-services-related framing, and false exploitative misuse of records for Article 81-type objectives. Plaintiff therefore clarifies that the requested prospective relief is directed at ongoing and future harm, not merely past events.

As to Defendant NYU Langone Health, Plaintiff seeks prospective relief requiring: (1) correction, removal, segregation, or clear dispute-marking of false or disputed EMR entries, including but not limited to the January 21, 2025 APS referral coding and the supposed Gabrielle Nash APS assessment; (2) preservation of all prior versions of the EMR and all amendment history; (3) production of audit trails, amendment logs, transmission history, and metadata sufficient to identify when, how, and by whom disputed entries were created, changed, or transmitted; (4) non-reliance on disputed entries as established clinical fact unless clearly marked contested by Plaintiff; (5) written notice of correction, dispute, or non-reliance to downstream recipients to whom the challenged information was transmitted; (6) a written-only ADA/Section 504-compliant process for future amendment, access, communication, and correction requests;

and (7) immediate investigation, preservation, and correction of false or disputed billing and claims submissions, including Medicare claims tied to 301 East 17th Street and any other false location-of-service, encounter, admission, or treatment claims that Plaintiff alleges never occurred, together with production of billing records, claim forms, coding history, claim-submission logs, location-of-service records, and related transmission history, and correction, withdrawal, removal, or clear dispute-marking of false billing or claims entries.

As to Defendant Dr. Jonathan Kobles, Plaintiff seeks prospective declaratory and injunctive relief requiring investigation, preservation, and correction of records, assessments, and signatures attributed to him that Plaintiff alleges are false because Plaintiff never met him and was never examined by him. This includes, without limitation, statements concerning debility, homebound status, home-care need, Kimmel-related or airway-related notations, and any similar functional-incapacity narrative attributed to Dr. Kobles; preservation and production of all authorship, signature, access, billing, and transmission records connected to those entries; and correction, removal, or clear dispute-marking of any record falsely implying personal examination, evaluation, or clinical findings by Dr. Kobles.

As to Defendant Ashley Acosta, to the extent prospective relief is available under the pleaded claims, Plaintiff seeks declaratory relief and prospective preservation, correction-related, billing-related, and non-reliance relief tied to the challenged creation, use, coding, amendment, or transmission of disputed medical-record content.

As to Defendant Jacobi Medical Center, Plaintiff seeks prospective relief requiring correction, segregation, removal, or clear dispute-marking of challenged encounter records, medication-related entries, false psychiatric or functional framing, and any false hold-related or discharge-related entries; preservation of prior versions; production of complete records, amendment

materials, metadata, audit trails, and related logs; and a written-only disability-compliant process for future record-access and amendment requests.

As to Defendant RN Ofoma, Plaintiff seeks prospective injunctive relief requiring investigation, preservation, and correction of false consent-related documentation concerning medication allegedly administered at Jacobi; specifically including investigation of the alleged non-consented administration of medication and later consent fabrications, where Plaintiff alleges that the March 2026 EMR production contains no valid consent and that no such consent was ever given; production of all consent-related records, timestamps, user logs, and amendment history; and correction, removal, or clear dispute-marking of any record falsely stating that Plaintiff consented.

As to Defendant PA Galina Makina, Plaintiff seeks prospective injunctive relief requiring investigation, preservation, and correction of the disputed post-clearance detention and medication entries; specifically including investigation of why, after clearance and discharge, a 9:40 p.m. hold, a 72-hour psychiatric hold, and a 14-day Lorazepam prescription appeared in the record and were attributed to Dr. Gonzalez, even though Plaintiff alleges she had already been cleared and discharged around 9:00 p.m. and never consented to Lorazepam; production of all related audit trails, user logs, order-entry history, and EPIC amendment history, including entries reflecting that too many users changed content; and correction, removal, or clear dispute-marking of any false or fabricated entries.

As to Defendants Peter Stecker and Jessica Moran, and as applicable to New York State Homes & Community Renewal, Plaintiff seeks prospective injunctive relief requiring immediate investigation and correction of the closure of the non-compliance and lockout matters; written correction of administrative records that falsely reset the six-year lookback clock despite

Plaintiff's continued HSTPA 2019 protection and the continuing Department of Finance / SCRIE base-rent treatment consistent with that protection; non-reliance on any position that Tennenbaum lawfully revoked Plaintiff's HSTPA-protected rent path; preservation and production of all records, emails, internal notes, and communications concerning the closure of the non-compliance case and the September 28-29, 2025 lockout complaints; and written reopening or reconsideration based on Plaintiff's Gertz Plaza filings and duplicate email proof of both lockouts. Plaintiff further seeks rejection of any false or unrealistic narrative that Plaintiff, an elderly tenant, changed a Medeco lock from inside the apartment without the required skill, equipment, or license while she was outside the apartment.

As to Defendant Officer Sharhan and the NYPD-related defendants, Plaintiff seeks prospective injunctive relief requiring preservation, disclosure, and investigation of the false reference to a supposed call from the DA Manhattan Office stating that Plaintiff was suicidal on August 4, 2025, or at any other time; investigation of whether that supposed call was spoofed or impersonated, consistent with Plaintiff's allegation of repeated spoofed calls purporting to come from the DA Manhattan Office; preservation and review of all call-source, dispatch, and related records; correction, removal, or clear dispute-marking of any record containing that false reference; and non-reliance on that false report or similar false dangerousness narratives in any future interaction with Plaintiff. Plaintiff further alleges that she has witness proof that at the relevant time she was without her phone, was in a restaurant, and was not suicidal.

As to Defendant David Tennenbaum, Plaintiff seeks immediate injunctive relief ordering him to stop unprecedented harassment immediately; stop use of false arrears, inflated rent paths, unlawful lease devices, and false incapacity-related narratives; stop interference with Plaintiff's

mail and process-related communications; comply with the lawful rent path; and use written communication where necessary to accommodate Plaintiff's disability.

Plaintiff submits this clarification because Defendants NYU Langone Health, Dr. Kobles, and Ashley Acosta have argued that the existing requested relief is too general. Plaintiff respectfully submits that the requested relief is specific, prospective, and directed to ongoing harms and continuing record use, alteration, transmission, non-correction, and misuse.

Respectfully submitted,

/s/ Lyudmila Syrochkina

Lyudmila Syrochkina

Plaintiff Pro Se

147 West 230th Street, Apt. 1F

Bronx, NY 10463

Email: Justinvictor456@proton.me

Phone: 929-501-2006

Dated: August 28, 2026

Bronx, New York

Lyudmila Syrochkina

Verified by pdfFiller 08/28/2026