UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LYUDMILA SYROCHKINA,

Plaintiff,

-v.-

NYU LANGONE HEALTH et al.

Defendants.

ORDER

26 Civ. 558 (RA) (GWG)

---

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

The plaintiff has made 16 filings over a period of approximately five weeks. See Docket ## 158, 159, 162, 163, 165, 166, 168, 169, 170, 172, 174, 175, 177, 178, 179 and 189. Separately, the City has sought an extension of time to respond to the complaint on behalf of Officer Sharhan (Docket # 164.)

In this Order, we give our rulings as to these filings. Any request made in one of the above filings that is not specifically addressed below is denied.

Request for an Extension to Respond As to Defendant Officer Sharhan

The requested extension for Officer Sharhan to respond to the complaint to October 26, 2026 (Docket # 164) is granted. Any further request for an extension shall be accompanied by a declaration from an individual with personal knowledge as to the status and expected completion date of the CCRB investigation.

Correcting Errors by Docketing Staff

Plaintiff in a number of filings seeks to point out errors by docketing staff in docketing filings or in particular text of docket entries. However, there is no need for any Order from the Court that strikes or corrects these previous filings or docket entries. The plaintiff will not be penalized for any alleged errors by Court staff in filing documents or making incorrect docket entries. Any letter plaintiff files on the docket that explains a docketing error, see, e.g., Docket # 177, is sufficient to alert the Court to the error.

Request for Ruling on Plaintiff's Disability

The Court previously determined that there is no need to rule now on accommodations sought by plaintiff for her disability because "plaintiff will be permitted in the short term to satisfy her litigation obligations solely through written means." (Docket # 155). As previously noted, the Court will address plaintiff's request for accommodation with respect to oral communications in the event a party to this case seeks to require plaintiff to engage in oral communications for purposes of this litigation. Docket # 177 provides no reason why any further ruling regarding accommodations for plaintiff's disability is needed at this time.

Filings Requesting Court "Notice"

In the future, plaintiff must not make any filings "for the Court's information" or for the purpose of having the court "take notice" of any matters. See, e.g., Docket # 177 at 5, # 179 and 180. Such filings are improper and any request to "take notice" is denied. Plaintiff is permitted to make a filing that seeks relief authorized by statute, the Federal Rules of Civil Procedure, Local Rules, the Court's Individual Practices, or an Order of the Court.

Electronic Filing

As noted, plaintiff has made an unusually large number of filings, some of which are repetitive and some of which are improper. Further, plaintiff sometimes seeks to supplement or correct a filing she just made. The Court adheres to its view that the pro se docketing clerks perform a critical function in authoring professionally written docket entries and in consolidating duplicative or linked filings, even if their record in this case is not 100%. See Docket # 107. Accordingly, the applications to file electronically (Docket ## 168 and 177) are denied. The Court will reconsider this ruling if the following three things occur: (1) a period of 120 days elapses during which any filings plaintiff makes (a) require no immediate amendment or supplementation, (b) do not contain duplicative requests and (c) are not improper; (2) plaintiff makes a new application for permission after the 120 days elapses using the Court's form for such an application (available at https://nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases ); and (3) the Court's requirements as set forth in that form are complied with.

The Court assures plaintiff that transmission to the Pro Se Intake Unit of an email with the papers to be filed will satisfy any deadline set by the Court. There is thus no prejudice to plaintiff from requiring her to file through the Pro Se Intake Unit by email rather than her filing directly through the Court's ECF system.

Request to File Third Amended Complaint

Defendant NYU objects to the filing of the proposed Third Amended Complaint on the grounds of futility and the burden responding to it would impose on them – noting for example that it has already filed motions with respect to two previous complaints. See Docket # 167. As to burden, the Court notes that NYU's filing of a motion to dismiss with respect to the second amended complaint was unnecessary inasmuch as the Court had not given permission to file such a motion. See Docket ## 153 and 156. Further, the burden of responding to the proposed Third Amended Complaint will ultimately not be significant inasmuch as NYU has had to research the alleged infirmities in that complaint already and putting them into a memorandum of law will not represent a significant incremental burden.

As to futility, the consideration of the "futility" of a proposed amendment to a pleading is one of "discretion." Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000). In this case, the Court deems it more appropriate for these arguments to be made in a motion to dismiss rather than in a motion to amend — in particular because rulings made in relation to the motion to amend may raise questions as to the status of claims in the operative complaint.

Accordingly, plaintiff has leave to file a Third Amended Complaint in the form she has proposed. Further, plaintiff has leave to add to the Third Amended Complaint the text contained in her proposed "supplement," any changes reflected in her filings dated September 15, 2026 (Docket ## 172, 174), as well as any exhibits she has sought to annex (Docket # 170).

Plaintiff is warned that the Third Amended Complaint must be filed as a single pdf document and that it will supersede all previous complaints. Once it is filed, no further additions, supplements, changes or exhibits will be permitted. Additionally, the plaintiff should not expect that the Court will permit plaintiff to file any further amended complaint in the future.

The proposed Third Amended Complaint shall be filed on or before October 16, 2026. Any answer to this Third Amended Complaint shall be filed on or before October 30, 2026. No motion shall be filed in response to the Third Amended Complaint at this time. Instead, any party seeking to file a motion to dismiss the Third Amended Complaint shall file a letter on or before October 30, 2026, so stating. The letter need not give any grounds for dismissal inasmuch as permission will eventually be given to file a motion to dismiss to any defendant who requests it. At that time, the Court will set a briefing schedule under which all defendants file their motions at the same time. The motion will be returnable before Judge Abrams.

Alternative Service on David Tennenbaum

It appears that defendant David Tennenbaum has waived service of process (Docket # 171). Thus, there is thus no need for an order directing alternative service as plaintiff requests (Docket # 165). Tennenbaum's response to the complaint is due at the latest on October 26, 2026, pursuant to Fed. R. Civ. P. 4(d)(3). The Court directs that, if the Third Amended Complaint is timely filed per the schedule above, Tennenbaum shall file his answer (or a letter seeking permission to move to dismiss) with respect to the Third Amended Complaint by October 30, 2026. If Tennenbaum so responds to the Third Amended Complaint, he is not required to also file a response to the version of the complaint he was served with.

Conclusion

Any requests for relief stated in Docket ## 158, 159, 162, 163, 165, 166, 168, 169, 170, 172, 174, 175, 177, 178, 179 and 180 are resolved as set forth above. The deadline for Officer Sharhan to respond to the complaint (Docket # 164) is extended to October 26, 2026. Plaintiff shall file the proposed Third Amended Complaint in the form stated above on or before October 16, 2026. Any request for permission to move to dismiss the Third Amended Complaint shall be filed by October 30, 2026.

SO ORDERED

Dated: October 2, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge