MEMORANDUM ENDORSED

November 18 2026 , 11:10 am

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK -------------------------------------------------------------X LYUDMILA SYROCHKINA, Plaintiff, -v- Case No. 1:26-cv-00558 (RA)(GWG) NYU LANGONE HEALTH, et al., Defendants. -------------------------------------------------------------X

**LETTER-MOTION FOR RECONSIDERATION OF THE ORDER ENTERED NOVEMBER 17, 2026 (DKT. 199), PURSUANT TO LOCAL CIVIL RULE 6.3; ALTERNATELY FOR RELIEF UNDER FED. R. CIV. P. 60**

To the Honorable Ronnie Abrams, United States District Judge:

Plaintiff Lyudmila Syrochkina, appearing pro se, respectfully moves for reconsideration of the Order of Magistrate Judge Gabriel W. Gorenstein entered November 17, 2026 (Dkt. 199), which denied without prejudice her letter-motion for leave under Fed. R. Civ. P. 15(d) (Dkt. 198). Plaintiff makes this motion within fourteen days of the Order and it is therefore timely under Local Civil Rule 6.3. Alternately, Plaintiff seeks relief under Fed. R. Civ. P. 60(a) and (b)(1) and (6).

**I. RELIEF SOUGHT.** Plaintiff respectfully asks the Court to: (a) reconsider and vacate or amend the Order at Dkt. 199, and grant her leave under Rule 15(d), retroactively (nunc pro tunc), for her Urgent Supplement already docketed at Dkt. 197; or, in the alternative, (b) treat the docketed Urgent Supplement (Dkt. 197), identified on the face of Dkt. 198, as satisfying Local Civil Rule 15.1(a); or, in the further alternative, (c) permit Plaintiff to cure by deeming Exhibit A hereto — a clean copy of the proposed Urgent Supplement — attached in compliance with the Order.

**II. TIMELINESS.** The Order was docketed November 17, 2026. Under Local Civil Rule 6.3, a motion for reconsideration must be served within fourteen days after entry of the order being challenged. This motion is filed November 18, 2026 — well within that period.

**III. GROUNDS — MATTERS OVERLOOKED (LOCAL CIVIL RULE 6.3).**

1. The proposed supplemental pleading was already part of the record. The Urgent Supplement had been docketed at Dkt. 197 before the motion at Dkt. 198 was filed. The letter-motion at Dkt. 198 identified Dkt. 197 by number, quoted its substance, and stated that the closure exhibit was already attached to it. The Order states that the request is denied without prejudice to a new letter or motion that attaches a copy of the proposed supplemental complaint as required by Local Civil Rule 15.1(a). Plaintiff respectfully submits that the Court may have overlooked that the proposed pleading was already docketed and capable of being viewed at Dkt. 197, so the purpose of the attachment requirement — giving the Court the text of the proposed pleading — was already met on the face of the record.

2. The motion was filed before the Order was entered. The ECF stamp on Dkt. 198 reads "Filed 11/12/26." Plaintiff raises this only to complete the record; the Order of November 17, 2026 ruled on papers filed on November 12, 2026.

3. In the alternative, relief is available under Fed. R. Civ. P. 60(a) (correction of oversight) and Rule 60(b)(1) and (6) (mistake, inadvertence, or other reasons that justify relief), because the record as it stood on November 12, 2026 already contained the text of the proposed supplement at Dkt. 197.

**IV. NEUTRAL STATEMENT OF FILING-HANDLING DELAYS.** Plaintiff respectfully brings to the Court's attention, as a neutral factual matter bearing on the handling of her submissions: Plaintiff's filings have been held between submission and docket entry for periods of approximately 72 to 86 hours without any stated reason. For example, the letter-motion docketed at Dkt. 198 bears the ECF stamp "Filed 11/12/26" and a printed header "November 12 2026 8:45 am," while its docket entry appeared on ECF on November 17, 2026 at 10:27 a.m. Plaintiff raises this without any accusation and without any theory of motive. She asks only that the delay be noted, because the delay shortened the time available for any response to her Rule 15(d) request before the November 17, 2026 Order was entered.

**V. CONCLUSION.** For the reasons stated, Plaintiff respectfully asks the Court to grant reconsideration under Local Civil Rule 6.3 and the relief sought in Section I. Plaintiff is pro se and asks the Court's indulgence with the form of this motion.

Respectfully submitted, /s/ Lyudmila Syrochkina Lyudmila Syrochkina, Plaintiff Pro Se justinvictor456@proton.me Dated: November 18, 2026 .

**EXHIBIT A** — Clean copy of the proposed Urgent Supplement (text as docketed at Dkt. 197, including its certificate of service and the attached closure exhibit).

Lyudmila Syrochkina

Verified by pdfFiller 11/18/2026

Application denied. Under Rule 10 of the Federal Rules of Civil Procedure, a pleading must have a caption and numbered paragraphs (with each paragraph containing a factual allegation or allegations limited to a "single set of circumstances"). The Court is unaware of any such document having been filed and no such document is included in Docket # 197

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge

November 19, 2026